UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIUS AYOMOLA OWOLABI,

               Petitioner,

    v.

JEFFEREY PERKINS,

               Respondent.

CASE NO. 3:24-cv-05979-LK-GJL

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

This matter is before the Court on referral from the District Court and on Petitioner's Motion for Reconsideration of the Court's Order granting Respondent's Motion for an extension of time to file an answer to the Petition for writ of habeas corpus filed in this case pursuant to 28 U.S.C. § 2254 ("Petition"). Dkt. 22. For the reasons set forth below, the Motion for Reconsideration (Dkt. 22) is **DENIED**.

## I.     BACKGROUND

On January 6, 2025, the Court issued an Order for service of the Petition upon Respondent. Dkt. 15. In the Order, the Court directed Respondent to file and serve upon Petitioner an answer in accordance with Rule 5 of the Rules Governing Section 2254 Cases in United States District Courts ("Section 2254 Rules") within forty-five (45) days after service of the Petition. *Id*. at 2.

ORDER DENYING PETITIONER'S MOTION FOR
RECONSIDERATION - 1

On February 18, 2025, Respondent filed a Motion for an extension of time to file an answer to the Petition. Dkt. 18. In the Motion, Respondent requested a 29-day extension of time to answer the Petition in order to enable him to finalize the analysis of Petitioner's constitutional claims and ensure all relevant state court exhibits are properly prepared for filing. *Id*. On February 19, 2025, the Court granted Respondent's Motion for an extension, directing Respondent to file an answer by March 21, 2025. Dkt. 19. Further, in that Order, the Court noted that, because "a complete state court record is necessary to review the Petition, the Court finds an extension of time is warranted and a response from Petitioner is not necessary. If Petitioner wishes to be heard on this Motion, he may file a motion for reconsideration." *Id*. at 1 n.1.

On February 27, 2025, Petitioner filed the instant Motion requesting that this Court reconsider its Order granting Respondent's Motion for an extension of time to file an answer. Dkt. 22. In the Motion, Petitioner makes several conclusory statements about the conduct of Respondent's counsel in response to the arguments counsel made in his Motion for an extension of time to file an answer to the Petition. *Id*.

For example, Petitioner accuses counsel of deceiving the Court regarding his ability to timely collect Petitioner's relevant state court record and making false statements regarding the complexity of the case. *Id*. at 2–5. Petitioner claims that, because he has provided his own state court record to the Court in support of his Petition (*see* Dkts. 20, 21, 23, 24), an extension of time is no longer needed and, thus, the Court should rescind its Order granting such an extension and direct Respondent to file an answer by March 7, 2025. Dkt. 22 at 6.

## II.    DISCUSSION

Motions for reconsideration are an "extraordinary remedy," and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered

evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted); Local Civil Rule 7(h)(1). Whether to grant or deny a motion for reconsideration is in the sound discretion of the Court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted).

Here, in Respondent's Motion for an extension of time to file an answer to the Petition, counsel asserted that the extension would allow him to:

> (1) complete the collection of missing state court records, particularly those from the consolidated personal restraint petition proceeding; (2) conduct a thorough review of all materials to ensure completeness; (3) properly format the extensive documentation for electronic filing; and (4) prepare a comprehensive Answer addressing each of Mr. Owolabi's nineteen claims with appropriate citations to the state court record.

Dkt. 18 at 3. Based on a review of the Motion, the Court found Respondent had shown good cause and granted the request for a 29-day extension. Dkt. 19.

Petitioner now seeks reconsideration of the Court's Order, claiming that, among other things, Respondent's counsel "is an arrogant, lazy, irrational, and unconscious lawyer who deliberately and ill-intentionally lie[s] about missing records in order to maliciously orchestrate a tactical delay in the adjudication of my petition." Dkt. 22 at 3. He also claims that counsel's "understanding of what constitute[s] complexity is a demonstration of his ineptitude and technical shortcomings in his ability to analyze the issues in my petition." *Id*. at 5.

The Court finds these claims, as well as others made by Petitioner in the instant Motion, baseless and severely lacking in any evidentiary support. Furthermore, these allegations lodged against Respondent's counsel do not support a conclusion that the Court committed any error in granting Respondent's Motion.

Rather, the Court finds the decision to grant Respondent a brief 29-day extension of time to answer the Petition in order to enable him to finalize the analysis of Petitioner's constitutional claims and ensure all relevant state court exhibits are properly prepared for filing was reasonable and did not prejudice Petitioner's interest in seeking timely adjudication of the habeas Petition. Therefore, the Court finds no basis to reconsider its prior Order and **DENIES** Petitioner's Motion for Reconsideration. Dkt. 22.

### III.    CONCLUSION

Petitioner's Motion for reconsideration (Dkt. 22) is **DENIED**.

Dated this 6th day of March, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING PETITIONER'S MOTION FOR
RECONSIDERATION - 4