UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIUS AYOMOLA OWOLABI,<br>Petitioner,<br>v.<br>JEFFEREY PERKINS,<br>Respondent. | CASE NO. 3:24-cv-05979-LK<br><br>ORDER DENYING REQUEST FOR EVIDENTIARY HEARING, OVERRULING OBJECTIONS, ADOPTING R&R, AND DISMISSING CASE WITH PREJUDICE |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Grady J. Leupold, Dkt. No. 39, objections filed by Petitioner Julius Owolabi, Dkt. No. 40, and Owolabi's Motion for Evidentiary Hearing, Dkt. No. 41. For the reasons set forth below, the Court denies the request for an evidentiary hearing, overrules Owolabi's objections, and adopts the R&R. Further, the Court dismisses the case with prejudice.

## I. BACKGROUND

The background facts and procedural history are set forth in the R&R and are adopted here. Dkt. No. 39 at 2–6. The Court summarizes key facts below.[1]

Owolabi pleaded guilty to third degree rape of a child (two counts), first degree possession of depictions of a minor engaged in sexually explicit conduct, and "communication with a minor

[1] The Court has modified capitalization in case document quotations for readability without further notation.

for immoral purposes" involving 11 minor girls. Dkt. 32-3 at 127. As part of the plea agreement, the state "limit[ed] the number of [Owolabi's] convictions and includ[ed] convictions with lower standard ranges" and Owolabi "stipulated that the recommended sentence would be an exceptional upward sentence" for those convictions. Dkt. No. 39 at 3; *see also* Dkt. No. 33-8 at 14. Pursuant to that agreement, the state recommended an exceptional sentence of 72 months. Dkt. No. 39 at 3. Before accepting Owolabi's plea, "the superior court ensured that Owolabi understood that even though the State recommended a specific sentence, the superior court could depart from that recommendation" and Owolabi "stated that the State's supplied factual bases for his convictions were 'factually true and accurate.'" *Id.* at 4; *see also* Dkt. No. 32-3 at 129. The court then accepted Owolabi's guilty plea. Dkt. No. 39 at 2, 4.

The trial court sentenced Owolabi to a total term of imprisonment of 90 months, 18 months above the state's recommendation under the guilty plea. *Id.* at 5. Owolabi appealed, and the state court of appeals held that his claims lacked merit and affirmed his conviction. Dkt. No. 32-3 at 125–143. Relevant to this petition, the state court of appeals stated that (1) "Owolabi's claims related to prosecutorial or governmental misconduct or other constitutional issues based on events that occurred before he entered his guilty plea" were waived by his guilty plea, (2) "the superior court had the authority to impose any exceptional sentence it determined to be appropriate" because "Owolabi stipulated that there was a basis to impose an exceptional sentence," and (3) the "challenges to the evidence that led to Owolabi's convictions or assertions that there was insufficient evidence to support his charges" were "frivolous because Owolabi pleaded guilty and admitted that the factual support for his convictions was 'true and accurate,' thereby waiving factual challenges." *Id.* at 133–143 & n.3. The state court of appeals also stated, "The only . . . claim not related to a waived factual or constitutional issue is . . . [that] his counsel violated the Rules of Professional Conduct because counsel made false and misleading statements

to the superior court." *Id.* at 142 n.3. However, "[t]his claim fail[ed] to identify a reason why Owolabi's restraint is unlawful and [wa]s therefore frivolous." *Id.*

Owolabi sought discretionary review by the Washington Supreme Court, which denied his petition without comment. Dkt. No. 32-4 at 47. Owolabi then filed this habeas petition in federal court, raising 19 grounds for relief. Dkt. Nos. 1, 8. Magistrate Judge Leupold found each of the 19 grounds meritless and recommended that this Court deny Owolabi's petition. *See generally* Dkt. No. 39. Owolabi filed 98 pages of objections, Dkt. No. 40, as well as a motion for an evidentiary hearing, Dkt. No. 41.

## II. DISCUSSION

Owolabi seeks a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence.[2] "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *see also Ben-Sholom v. Ayers*, 674 F.3d 1095, 1099 (9th Cir. 2012).

### A. The Objections Fail to Comply with Local Civil Rule 72

Under Local Civil Rule 72, "objections to a magistrate judge's order or recommended disposition . . . shall not exceed 4,200 words or, if written by hand or typewriter, twelve pages." "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz Gonzalez v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

[2] While it appears that Owolabi was released from custody after he filed this petition, *see* Dkt. No. 42, the petition is not moot given "the prospect of harsher punishment for a subsequent offense as a result of federal and state laws that either already have been or may eventually be passed" as well as other "collateral legal consequences" of his conviction. *Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir. 1994) ("[A] habeas petition challenging a conviction becomes moot 'only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction.'" (quoting *Sibron v. State of New York*, 392 U.S. 40, 57 (1968))).

Owolabi's 98 pages of objections far exceed the 12-page limitation imposed by the Local Civil Rules. LCR 72. Therefore, the Court only considers the first 12 pages of Owolabi's objections.[3] *See Bishop-McKean v. Washington Dep't of Corr.*, No. C20-5416JLR, 2022 WL 4017448, at *2 (W.D. Wash. Sept. 2, 2022) ("[T]he court does STRIKE and does not consider pages 13 and 14 of [Petitioner's] objections, as well as the supplement to her objections, because those filings exceed the applicable 12-page limit[.]"); *Turnbull v. Gramiak*, No. 1:15-CV-822-SCJ, 2016 WL 11683823, at *2 (N.D. Ga. May 23, 2016) (denying habeas relief and considering only objections to R&R made within applicable page limits); *see also* LCR 7(e)(6) ("The court may refuse to consider any text, including footnotes, which is not included within the word or page limits."); *cf. Schuttpelz v. United States*, Nos. 24-1122/1123, 2024 U.S. App. LEXIS 17828, at *5 (6th Cir. July 19, 2024) ("A district court may deny a [Section] 2255 motion for failure to comply with its local rules."); *Lambert v. Dennis*, No. C15-1213-RSM, 2016 WL 7441012, at *1 (W.D. Wash. Dec. 27, 2016), ("The Court will not consider Plaintiff's Reply" when "Local Rule 72 forbids Plaintiff from filing a Reply"), *aff'd*, 737 F. App'x 354 (9th Cir. 2018).

**B. Legal Standards**

1. Reviewing the R&R

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also*

[3] The Court begins counting on the first substantive page, which is page 3 according to ECF header pagination.

*id.* ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

2. <u>22 U.S.C. § 2254</u>

A person in custody pursuant to a state court judgment is entitled to habeas relief only if they can show that the state court's adjudication of their claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2); *see also Harrington v. Richter*, 562 U.S. 86, 97–98 (2011) ("The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254."). Federal courts will not disturb a state court's application of federal law under Section 2254(d)(1) unless it was "objectively unreasonable," or "so obviously wrong that its error lies beyond any possibility for fairminded disagreement"—a "challenging standard to meet." *Fauber v. Davis*, 43 F.4th 987, 996–97 (9th Cir. 2022) (citation modified); *see also Walden v. Shinn*, 990 F.3d 1183, 1195 (9th Cir. 2021) (same). And under Section 2254(d)(2), "a state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion." *Walden*, 990 F.3d at 1195 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). On habeas review, the state trial court is afforded "substantial deference" with respect to factual determinations. *Brumfield v. Cain*, 576 U.S. 305, 314 (2015).

**C. The Court Overrules the Objections to the R&R**

As discussed in Section II.A, the Court need only consider the first 12 pages of Owolabi's objections. *See* LCR 72. In his first 12 substantive pages, Owolabi objects to the R&R's "grouping of the claims and the application of general ideas to all the issues in a group" and the R&R's conclusions as to grounds one through three. The Court exercises its discretion to review the first

half of the thirteenth substantive page (ECF page 15) so that Owolabi's full argument as to ground three is reviewed.

1. The Objection About Grouping Is Improper

Owolabi claims that the R&R fails to provide "individual legal analysis for each claim base[d] on the facts, evidence, and argument . . . presented for each claim," and argues "[t]he grouping of the claims and the application of general ideas to all the issues in a group is detrimental to the administration of justice" because "[t]here are no two issues in [the] petition that are the same." Dkt. No. 40 at 3.

Federal Rule of Civil Procedure 72 requires an objecting party to "file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). Owolabi's vague objection to the R&R's organizational structure fails to meet that requirement—the objection is neither specific nor directed at a proposed finding or recommendation. Therefore, the Court need not review the objection. *See Garvey v. Uttecht*, No. C19-6172-JCC, 2020 WL 5946157, at *1 (W.D. Wash. Oct. 7, 2020) ("[G]eneral objections . . . have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review."); *Brown v. Arias*, No. 23-CV-778-BAS-DDL, 2024 WL 166007, at *2 (S.D. Cal. Jan. 16, 2024) ("Numerous courts have held that a general objection to the entirety of a Magistrate Judge's R&R has the same effect as a failure to object." (quoting *Alcantara v. McEwen*, No. 12-CV-401-IEG DHB, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013))).

However, even if the Court reviewed this objection, it would overrule it because Judge Leupold did not err in grouping the arguments. While it may be true that "no two issues in [the] petition . . . are the same," Dkt. No. 40 at 3, different issues raised in the petition face the same deficiencies. Here, Judge Leupold closely reviewed each of Owolabi's 19 grounds and

thoughtfully resolved each of them according to the applicable legal standards. *See* Dkt. No. 39 at 11–33.

2. <u>The Court Overrules the Objections as to Ground One</u>

The first ground that Owolabi advances is "Outrageous Governmental Misconduct of Trial Court Judge in violation of my Due Process Right under the Fourteenth Amendment to the United States Constitution." Dkt. No. 8 at 5. Owolabi argues that the state court's decision on this issue—resolving his Statement of Additional Grounds ("SAG") # 13—"was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings" and violated his "due process right to fundamental fairness under the Fourteenth Amendment[.]" Dkt. No. 11 at 15–16; *see* 28 U.S.C. § 2254(d)(1)–(2).

This ground is based on Owalabi's belief that "the judge lied that he found reasons to justify exceptional sentence," "dishonest statements [were] entered under 'Findings of Fact,'" "addition of 18 months sentence [was imposed] without a reason," and "the Judge lied that [Owolabi] waived Apprendi rights." Dkt. No. 8 at 5. Owolabi states that "the sentencing judge [wa]s required to provide a list of aggravating factors that exists . . . to justify an exceptional sentence upward," so the sentencing judge's reliance on Owolabi's stipulation "to the prosecutor[']s recommendation of 72 months sentence with exceptional sentence upward" was improper. Dkt. No. 11 at 21–22. Owolabi claims that he "did not stipulate to 'a basis' for the exceptional sentence"; he stipulated only to "the prosecutor[']s recommendation of 72 months sentence with exceptional sentence upward." *Id.* at 22. In reviewing Owolabi's SAG # 13—the basis for ground one, *id.* at 15—the state court of appeals found that Owolabi's "due process right was not violated when the superior court did not make additional findings of an aggravating factor to support the exceptional sentence" because "Owolabi stipulated that there was a basis for an exceptional sentence," Dkt. No. 32-3 at 136.

Owolabi's petition argues that the state court of appeals' conclusion "was based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings" because "[t]he appeals court failed to look into the record to find the aggravating factor it claimed that [he] stipulated to." Dkt. No. 11 at 15, 18. According to Owolabi, "there is a difference between a stipulation to the prosecutor's recommended sentence and a stipulation to the basis for an exceptional sentence." *Id.* at 18–19.

The R&R concluded that this ground fails on the merits, finding that the state court of appeals' conclusion was "not based upon an unreasonable determination of the facts" and that Owolabi "failed to establish his right to due process was violated when the trial court did not make additional findings of an aggravating factor to support the exceptional sentence." Dkt. No. 39 at 25; *see also id.* at 26–29. The "state court found that, pursuant to his negotiated Plea Agreement, [Owolabi] stipulated there was a basis for an exceptional sentence" and "the record clearly shows that [Owolabi] did indeed make this stipulation." *Id.* at 28 (citing Dkt. No. 33-7). The R&R continues, "The state court also reasonably applied state law in finding, 'when the parties stipulate to an exceptional sentence, the superior court may impose an aggravated exceptional sentence without a finding of fact by a jury.'" *Id.* at 29 (quoting Dkt. 32-3 at 136); *see also* Dkt. No. 32-3 at 127; Dkt. No. 33-8 at 14.

Owolabi objects to this conclusion, arguing that Judge Leupold "intentionally avoided the truth by refusing to state the aggravating factors the appeals court falsely claimed that [Owolabi] stipulated to in [his] plea agreement." Dkt. No. 40 at 4. He argues that Judge Leupold "did not address any of the outrageous misconducts (sic) that [Owolabi] stated" and requests that the Court "read the facts . . . presented in Ground One, and address each" of them. *Id.* at 6. He points the Court to pages 10–33 of his habeas petition and points out, in particular, pages 25–32 and 33. *Id.* at 4, 6.

Having closely reviewed Owolabi's habeas petition, this objection, and the relevant portions of the record, the Court agrees with Judge Leupold's conclusion that the state appeals court's determination—that Owolabi's due process rights were not violated when the trial court relied on the parties' stipulation that an exceptional sentence was warranted—was not based upon an unreasonable determination of the facts. *See* Dkt. No. 39 at 26–29. The state court of appeals concluded that the parties' "stipulat[ion] to an exceptional sentence" gave the superior court authority to "impose an aggravated exceptional sentence without a finding of fact by a jury." Dkt. No. 32-3 at 136 (quoting Wash. Rev. Code § 9.94A.535(2)). Because of the stipulation, Owolabi's "due process right was not violated when the superior court did not make additional findings of an aggravating factor to support the exceptional sentence." *Id.*

The Court cannot say this was an unreasonable determination of the facts given that Owolabi's plea agreement states that "[t]he judge does not have to follow anyone's recommendation as to sentence," and:

> I understand the following regarding exceptional sentences. . . . The judge may . . . impose an exceptional sentence above the standard range if the State and I stipulate that justice is best served by imposition of an exceptional sentence and the judge agrees that an exceptional sentence is consistent with and in furtherance of the interests of justice and the purposes of the Sentencing Reform Act.

Dkt. No. 33-7 at 7–8; *see also* Dkt. No. 33-5 at 9 (trial court colloquy with Olowabi regarding same). The judgment contains a finding by the court that "substantial and compelling reasons . . . justify an exceptional sentence" above the standard range for ground 3, and that "the exceptional sentence furthers and is consistent with the interests of justice and the purposes of the sentencing reform act," based on Owolabi's and the State's stipulation that "justice is best served by imposition of the exceptional sentence above the standard range[.]" Dkt. No. 33-8 at 5, 12; *see also* Wash. Rev. Code § 9.94A.535(2)(a) ("The trial court may impose an aggravated exceptional sentence without a finding of fact by a jury under the following circumstances: . . . The defendant

and the state both stipulate that justice is best served by the imposition of an exceptional sentence outside the standard range, and the court finds the exceptional sentence to be consistent with and in furtherance of the interests of justice and the purposes of the sentencing reform act.”).

Owolabi and his attorney also signed a document entitled “FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR AN EXCEPTIONAL SENTENCE” that included the following:

- “An exceptional sentence []above . . . the standard range should be imposed[.]” Dkt. No. 33-8 at 14.
- FINDINGS OF FACT: “The defendant and the state agree that it is in the interest of justice to sentence the defendant to an exceptional sentence above the standard range.” *Id.*
- CONCLUSIONS OF LAW: “The Court finds that given both parties are in agreement as to a recommended sentence above the standard range, and further that it is in the interest of justice to order an exceptional sentence above the standard range. The defendant waives his right to have a jury determine any issues related to the imposition of an exceptional sentence upward. *Apprendi v. New Jersey*, 530 U.S. 466 . . . (2000); *Blakely v. Washington, 542 U.S. 296 . . . (2004)*[.]” *Id.*

This document contradicts Owolabi’s averments that “[t]he judge lied that he found reasons to justify exceptional sentence,” “dishonest statements [were] entered under ‘Findings of Fact,’” “addition of 18 months sentence [was imposed] without a reason,” and “[t]he Judge lied that I waived Apprendi rights,” Dkt. No. 8 at 5, as well as his averments that he “did not stipulate to ‘a basis’ for the exceptional sentence;” he stipulated only to “the prosecutor[’]s recommendation of 72 months sentence with exceptional sentence upward.” Dkt. No. 11 at 22.

Owolabi argues that the statement “[t]he defendant and the state agree that it is in the interest of justice to sentence the defendant to an exceptional sentence above the standard range,” Dkt. No. 33-8 at 14, “is not only deceptive but also malicious” and that “there was no reason found to justify [his] exceptional sentence,” Dkt. No. 11-1 at 5. As the R&R notes, Owolabi does not dispute the voluntariness of his agreement to plead guilty or the fact that he knowingly, intelligently, and voluntarily executed the above-described documents. Dkt. No. 39 at 11–14. In

light of the evidence presented in the State court proceeding, including the stipulation signed by Owolabi and his attorney, the Court cannot say that the state appeals court's "decision that was based on an unreasonable determination of the facts," 28 U.S.C. § 2254(d)(2), even though Owolabi *now* disagrees with the statement to which he previously stipulated.[4]

Moreover, to the extent ground one seeks relief under 28 U.S.C. § 2254(d)(1) because the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," the Court also denies relief. The state court of appeals found that Owolabi's "due process right was not violated" by the superior court's imposition of his exceptional sentence "[b]ecause Owolabi stipulated that there was a basis for an exceptional sentence[.]" Dkt. No. 32-3 at 136; *see also id.* at 46–51 (Owolabi's SAG submission to state appeals court). The record supports this: Owolabi stipulated to the judge's finding of fact that "it is in the interest of justice to sentence [him] to an exceptional sentence above the standard range," and consented to the entry of an order (1) stating that he was "in agreement as to a recommended sentence above the standard range, and further that it is in the interest of justice to order an exceptional sentence above the standard range," and (2) expressly concluding that he had "waive[d] his right to have a jury determine any issues related to the imposition of an exceptional sentence upward." Dkt. No. 33-8 at 14.

[4] Additionally, Owolabi takes issue with the R&R's statement that "to the extent that Ground 1 is a challenge to the trial court's imposition of an exceptional sentence from 72 months to 90 months, which was raised in SAG (#13) and the petition for review to the state supreme court, this Ground shall be reviewed on the merits . . . , along with the related Ground 4," Dkt. No. 39 at 27. Dkt. No. 40 at 5. Owolabi avers that "[t]his statement is incorrect" because "Ground one is a challenge to the Outrageous Governmental Misconducts (sic) of Trial Court Judge in violation of my Due Process Right under the Fourteenth Amendment to the United States Constitution" and "SAG #13 is the underlying issue that shows the facts that supports the perpetration of outrageous misconducts (sic) by the trial court Judge." *Id.* The statement about which Owolabi complains is not a recommended disposition to which an objection is appropriate, and therefore, Owolabi's complaints about the statement are not a proper objection under Federal Rule of Civil Procedure 72. And as discussed, in reviewing the alleged "outrageous misconduct" that Owolabi included on pages 25–32 of his petition, the Court finds no violation of his due process right under the Fourteenth Amendment in light of the evidence presented to the state court and considering the stipulation signed by Owolabi and his attorney.

For the reasons discussed above, the state court of appeals' decision was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2). The Court accordingly overrules Owolabi's objections regarding ground one.

3. Objections as to Ground Two

Owolabi's second ground is "Appeals Court Review of Departure From Recommendation Issue violated my Right under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution." Dkt. No. 11-1 at 9. He states, "I am a member of a protected class. My situation is similar to State v. Akuna. I was treated differently from Akuna." Dkt. No. 8 at 7. Owolabi argues that the state court's decision on this issue—resolved on his SAG # 9—"was based on an unreasonable determination of the facts in light of the evidence presented to [the] state court" and violates his "right under the Equal Protection Clause of the Fourteenth Amendment[.]" Dkt. No. 11-1 at 9; *see* 28 U.S.C. § 2254(d)(1)–(2). He admits that "while the substance of [this] issue [was] presented to the state and this issue is the same," he "did not alert the state courts to the violations of his federal rights." Dkt. No. 11-1 at 9. The basis for the purported "violations of federal rights" is that the state court of appeals treated "State v. Akuna . . . differently" than it treated Owolabi. *Id.* at 11. Owolabi avers that "State v. Akuna and [his] case shared common features essential to a meaningful comparison" and the state appeals court's decision "had discriminatory effects on [his] case" and was "motivated by racial discrimination for the purpose of perpetuating racial injustice." *Id.* at 10–11.

The R&R concluded that this ground fails to state a cognizable federal habeas claim because Owolabi's claims "are based on state law," reasoning that "through each stage of state court review of this claim . . . Petitioner cited to only state law and did not raise federal

constitutional violations[.]" Dkt. No. 39 at 21*; see also id.* at 19–23. The R&R added that "even if Ground[] 2 . . . did rest upon clearly established federal law, it cannot be said that the state court's decision was contrary to, or an unreasonable application of, such federal law" because "[t]he state court of appeals reasonably determined that the trial court properly sentenced Petitioner under Washington law because Petitioner did not prove otherwise." *Id.* at 22–23.

Owolabi's objects to this conclusion, arguing that his petition "showed . . . that the action of the appeals court concerning [the] departure from recommendation issue [SAG 9] had discriminatory effects on [his] case," Dkt. No. 40 at 8, because "the appeals court did not apply RCW 9.94A.535(2)(a) to [his] case the same way it did to [the *State v. Akuna*] case," *id.* at 11. Owolabi argues that "[a]ccording to the analysis done by the appeals court on Akuna's case . . . RCW 9.94A.535(2)(a) binds the trial court to impose only 'the' exceptional sentence stipulated to by the parties." *Id.* at 9. He directs the Court to pages 36–42 of his habeas petition. *Id.* at 8–9.

The Court agrees with the R&R that "none of the language in Petitioner's filings as to [Ground 2] was sufficient to put the state courts on notice that he was raising a specific federal constitutional violation." *Id.* at 21; *see, e.g.*, Dkt. No. 32-3 at 41–42 (SAG #9 exclusively challenging sentence under Wash. Rev. Code § 9.94A.535(2)(a) and state case law (*State v. Akuna*)). Owolabi admits this. Dkt. No. 11-1 at 12. The state court held that "under RCW 9.94A.431(2), the superior court is not bound by any recommendations contained in an allowed plea agreement," and "the superior court had the authority to impose any exceptional sentence it determined to be appropriate[.]" Dkt. No. 32-3 at 137 (citing *State v. Scott*, 866 P.2d 1258, 1265 (Wash. 1993) for the proposition that "[o]nce the sentencing court finds substantial and compelling reasons for imposing an exceptional sentence, the court is permitted to use its discretion to determine the precise length of the sentence"). The Court agrees with the R&R that "[t]he state

court of appeals reasonably determined that the trial court properly sentenced [Owolabi] under Washington law because Petitioner did not prove otherwise." Dkt. No. 39 at 23; *see also State v. Lone*, 559 P.3d 569, 574–75 (Wash. Ct. App. 2024) (Washington's Sentencing Reform Act "makes plain that the parties are *never* authorized to limit a court to the parties' chosen sentencing recommendations," and Revised Code of Washington section 9.94A.535(2)(a) "allows for an exceptional sentence based simply on agreement that an above-guideline sentence would serve the ends of justice"), *review denied,* 574 P.3d 542 (Wash. 2025); *State v. Akuna*, 158 Wash. App. 1034, 2010 WL 4514187, at *3 (2010) (noting that one of the "four aggravating factors that can support an exceptional sentence upward without resort to a jury" listed in Revised Code of Washington section 9.94A.535(2) is "[t]he defendant and the state both stipulate that justice is best served by the imposition of an exceptional sentence outside the standard range, and the court finds the exceptional sentence to be consistent with and in furtherance of the interests of justice and the purposes of the sentencing reform act.").[5]

Therefore, the Court overrules Owolabi's objections to the R&R's recommendation on ground two.

4. Objections as to Ground Three

Owolabi's third ground is "Abuse of Government's Punitive Authority in violation of my right under the Excessive Fine Clause of the Eighth Amendment to the U.S. Constitution." Dkt. No. 11-1 at 19. He argues that "[t]he addition of 18 months to the stipulated sentence constitute[s] an abuse of punitive authority," "[t]he sentence is excessive," and "the sentence is grossly

[5] Unlike in *Akuna*, 2010 WL 4514187, at *4, Owolabi and the State did not stipulate to any particular sentence; rather, Owolabi acknowledged that the sentence "recommendation" would be "Exceptional Upward 72 MONTHS." Dkt. No. 33-7 at 19. Furthermore, unlike in *Akuna*, the Court did not purport to base its sentence on facts to which the parties had not stipulated. *See Akuna*, 2010 WL 4514187, at *5 ("The court cited aggravating factors to support its sentence that are not referenced in RCW 9.94A.535(2), which is the only provision that allows a court to impose an aggravated exceptional sentence without a jury's participation.").

disproportionate to the gravity of the offense." Dkt. No. 8 at 8. He adds that the court of appeals' finding that he "did not claim that the sentence imposed is excessive was based on an unreasonable determination of facts in light of the evidence [he] presented in state courts." Dkt. No. 11-1 at 19. He argues that he did not need to "claim that the sentence is excessive to trigger an indep[endent] review" of his sentence under Section 9.94A.585, *id.* at 19, 21, and adds that his "admission contains nothing that the judge can use to justify the additional 18 months sentence," *id.* at 25.

The R&R concluded that this ground fails to state cognizable federal habeas claim under 28 U.S.C. § 2254. Dkt. No. 39 at 19–23. Like with ground two, the R&R reasoned that "through each stage of state court review of this claim that Petitioner asserts is the basis for [Ground 3] in his Petition, Petitioner cited to only state law and did not raise federal constitutional violations." Dkt. No. 39 at 21. In his objections, Owolabi argues that the R&R failed to analyze "Ground Three for a violation of [his] right under the Excessive Fine Clause of the Eight[h] Amendment" and points the Court to pages 48–51 in his habeas petition. Dkt. No. 40 at 14.

Having closely reviewed Owolabi's petition, focusing on the pages to which he directs, the Courts finds no basis for habeas relief. The Court agrees with the R&R that "none of the language in Petitioner's filings as to [Ground 3] was sufficient to put the state courts on notice that he was raising a specific federal constitutional violation." Dkt. No. 39 at 21; *see, e.g.*, Dkt. No. 32-3 at 41–42 (SAG #9 exclusively challenging sentence under Wash. Rev. Code § 9.94A.535(2)(a) and state case law (*State v. Akuna*)). Owolabi admits this. Dkt. No. 8 at 9 (answering "no" to the question "did you raise this issue" on appeal). Owolabi's arguments as to ground 3 dispute the state court of appeals' reliance on the parties' stipulation to an exceptional sentence, an argument the Court has already rejected. Owolabi fails to show that the state court of appeals' adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). The Court therefore overrules his objections as to ground three.

**D. The Court Declines to Hold an Evidentiary Hearing**

Owolabi requests that the Court hold an evidentiary hearing where Respondent must "bring all child pornographic materials and all text messages in the record to court and display them for this court[.]" Dkt. No. 41 at 2. He argues that "[t]he exception of 28 U.S.C. § 2254(e)(2) applies" and "[a]n evidentiary hearing will clearly establish that no reasonable factfinder would have found [him] guilty[.]" *Id.* at 3.

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. A hearing is not required if the allegations would not entitle Petitioner to relief under § 2254(d). *Id.* "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Indeed, the exceptions to which Owolabi refers—28 U.S.C. § 2254(e)(2)—apply only if "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

For the reasons laid out above, the record refutes Owolabi's factual allegations, and this matter can be decided without an evidentiary hearing based on the existing state court record. The Court accordingly denies the request for a hearing.

**E. Certificate of Appealability**

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). A petitioner satisfies this

standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Judge Leupold concluded that Owolabi "is not entitled to a certificate of appealability with respect to the Petition." Dkt. No. 39 at 34. Owolabi objects, stating that he "made a substantial showing of the denial of constitutional right" and "[j]urists could conclude that the issues [he] presented are adequate to deserve encouragement to proceed further." Dkt. No. 40 at 95.

Considering the petition as a whole, no reasonable jurist would find that the issues presented in the Petition should proceed further. Thus, Owolabi's request for a certificate of appealability is denied.

## III. CONCLUSION

For the reasons stated above, the Court hereby finds and ORDERS:

1. Owolabi's Request for an Evidentiary Hearing, Dkt. No. 41, is DENIED.

2. Owolabi's objections are OVERRULED, Dkt. No. 40, and the Report and Recommendation is APPROVED and ADOPTED, Dkt. No. 39.

3. Owolabi's federal habeas petition, Dkt. No. 8, is DENIED.

4. Owolabi's request for a certificate of appealability under 28 U.S.C. § 2253(c) is DENIED.

6. The Clerk is DIRECTED to send copies of this Order to Owolabi and to Judge Leupold.

Dated this 30th day of September, 2026.

Lauren King
United States District Judge